■ DIRECT TRAVEL, INC., Appellant, v AETNA CASUALTY AND SURETY COMPANY, Respondent, et al., Defendant. [625 NYS2d 221] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about May 27, 1994, which denied plaintiff's motion for summary judgment and granted defendant Aetna Casualty and Surety Company's cross motion for summary judgment dismissing the complaint and all cross claims against it, and declared that Aetna had no duty to defend or indemnify plaintiff with respect to claims asserted against it in *Stuckey v Direct Travel,* unanimously affirmed, without costs.

The Supreme Court properly determined that defendant was relieved of its duty to defend and indemnify plaintiff in the underlying action since it demonstrated that the allega-

tions of the complaint fell outside the scope of the coverage provided by the primary and umbrella policies issued to plaintiff. There was no ambiguity in the declarations page of the primary policy with respect to professional liability coverage since such coverage clearly only applied to the businesses enumerated which did not include travel related services such as that engaged in by plaintiff *(see, Breed v Insurance Co.,* 46 NY2d 351; *Moshiko, Inc. v Seiger & Smith,* 137 AD2d 170, *affd* 72 NY2d 945). Moreover, coverage was also properly disclaimed pursuant to exclusion F (3) of the primary policy which explicitly excluded losses such as that claimed herein, which resulted from the issuance, arrangement or amendment of a contract of insurance or the failure to so issue, arrange or amend such contract. Since the claims asserted in the underlying action were for economic loss resulting from the plaintiff's purported breach of contract, coverage was also properly disclaimed under the umbrella policy which covered only "damages because of 'bodily injury' [or] 'property damage' * * * [c]aused by an 'occurrence' " *(see, Smith Pontiac-GMC Truck Ctr. v Hartford Acc. & Indem. Co.,* 194 AD2d 906). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.