■ STATE OF NEW YORK, Respondent, v SCHENECTADY HARDWARE AND ELECTRIC COMPANY, INC., Appellant. [636 NYS2d 861] —Casey, J. Appeal from that part of an order of the Supreme Court (Spain, J.), entered December 20, 1994 in Albany County, which denied defendant's cross motion for summary judgment dismissing the complaint.

Pursuant to its electrical work contract with the State, defendant purchased an "Owners and Contractors Protective" (hereinafter OCP) policy from Hanover Insurance Company (hereinafter Hanover), which afforded the State coverage for bodily injury in the amount of $500,000 per occurrence. Defendant also purchased, as required, a separate "Comprehensive General Liability" (hereinafter CGL) policy from Massachusetts Bay Insurance Company (hereinafter Mass Bay) naming defendant as the insured which provided coverage for bodily injury of $500,000 per occurrence and in the aggregate. Defendant also obtained workers' compensation coverage from the State Insurance Fund.

An employee of defendant was injured in a fall from a scaffold at the job site and commenced an action to recover damages against the State, as owner of the property. The State, defended by Hanover in the action by defendant's employee, commenced this action in Supreme Court against defendant seeking common-law indemnification or contribution. After issue was joined, the State moved for summary judgment, claiming that it exercised no control or supervision over the work site so that only defendant could be responsible. Defendant, represented by the State Insurance Fund, opposed the State's motion, contending that issues of fact existed as to the State's control of the work site. Defendant additionally relied on the antisubrogation rule set forth in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465) and *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281), and cross-moved for summary judgment dismissing the complaint.

Defendant argued that the State was barred from raising its

indemnity claim because the OCP policy and the CGL policy were issued by members of the same insurance group which operated under the same parent company. In reply, the State maintained that the antisubrogation rule has no application (1) because the two policies were issued by different insurance companies and (2) the CGL policy specifically excluded coverage of the instant injury. Supreme Court denied both motions for summary judgment. Defendant appeals. We affirm.

In our view, defendant did not meet its initial burden of demonstrating that Hanover and Mass Bay are, as a matter of law, so significantly united in interest as to invoke the antisubrogation rule (see, United States Fid. & Guar. Co. v CNA Ins. Cos., 208 AD2d 1163, 1165). This rule is designed to prevent an insurer from passing the incidence of loss on to its own insured and is a limitation on the carrier's right of subrogation when the subrogor and the third party are both insureds of the same carrier on the same claim (see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra, at 471-472). Defendant failed to demonstrate domination, control and abuse of that control by the parent company over Mass Bay and Hanover, which are essential elements to pierce the corporate veils so as to impose alter ego liability (see, Eastern States Elec. Contrs. v Crow Constr. Co., 153 AD2d 522, 523). Absent such showing, summary judgment was properly denied by Supreme Court. The answering affidavit of the Secretary of Hanover to the effect that Hanover and Mass Bay are separate and distinct business entities also creates a question of fact that precludes the granting of summary judgment (see, Fashion Tanning Co. v Fulton County Elec. Contrs., 142 AD2d 465, 469).

Our conclusion is further bolstered by the fact that an exclusion in the policy rendered the antisubrogation rule inapplicable to the loss. In North Star Reins. Corp. v Continental Ins. Co. (82 NY2d 281, 296, supra), the Court of Appeals held that the antisubrogation rule does not apply when exclusions in one policy render it inapplicable to the loss. The exclusionary language in the CGL policy is clear and unambiguous and renders the coverage inapplicable to "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury". The CGL policy contains an exception to this exclusion which states that the exclusion does not apply to liability assumed by the insured under an "incidental contract", which is defined in the policy as "any contract or agreement relating to the conduct of the named insured's business".

Defendant argues that its contract with the State was an incidental contract. We disagree. Where the existence of coverage depends entirely on the applicability of an exception to an exclusion, as here, the insured has the duty of demonstrating that the exception governs (*see, Redding-Hunter, Inc. v Aetna Cas. & Sur. Co.*, 206 AD2d 805, 807). In short, defendant failed to show that its contract with the State fell within the policy's definition of "incidental contract". The plain meaning of the exclusion was to relieve the insurer of liability when its insured was sued for indemnity or contribution because of damages arising out of bodily injury to an employee of the insured suffered during the course of his employment on the initial contract. This conclusion renders the antisubrogation claim inapplicable as Supreme Court found. Accordingly, defendant's cross motion for summary judgment was properly denied (*see, State of New York v U. W. Marx, Inc.*, 209 AD2d 784, 786).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.