[673 NYS2d 408]

LEONARD MONTELEONE et al., Plaintiffs, v CROW CONSTRUCTION COMPANY et al., Defendants and Third-Party Plaintiffs. KALIN CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent and Second Third-Party Plaintiff-Respondent; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Second Third-Party Defendant-Appellant.

First Department, May 21, 1998

APPEARANCES OF COUNSEL

*Lawrence A. Doris* of counsel (*Flynn Gibbons & Dowd,* attorneys), for third-party defendant-respondent and second third-party plaintiff-respondent.

*Eric A. Portuguese* of counsel (*Steven B. Prystowsky* on the brief; *Lester Schwab Katz & Dwyer,* attorneys), for second third-party defendant-appellant.

### OPINION OF THE COURT

MILONAS, J. P.

Plaintiff Leonard Monteleone, an employee of Kalin Construction Corporation, was injured while working at a construction site in April 1992. Tishman Construction Corporation was the construction manager of the project, and Crow Construction Company was the general contractor, which had subcontracted the roofing work to Kalin. Pursuant to the subcontract between Crow and Kalin, the latter was to procure general liability insurance for the benefit of Tishman and Crow and agreed to indemnify and hold them harmless from any claim or loss arising out of personal injury sustained by a Kalin employee in the course of his work. Kalin purchased insurance from National Union and was also insured by the State Insurance Fund.

Plaintiff commenced a personal injury action against Tishman and Crow, whereupon they brought a third-party action against Kalin on the ground of common-law contribution and

indemnity as well as contractual indemnity. Although the State Insurance Fund acknowledged its obligation to defend and indemnify Kalin on the common-law claims, National Union disclaimed any obligation to defend or indemnify Kalin on the basis of an exclusion in its policy.

Kalin brought a second third-party action against National Union, seeking a declaratory judgment that National Union was obligated to defend and indemnify it in the first third-party action. National Union moved to sever the action against it from the personal injury action on the ground that the issues in each were separate and distinct and that it would be unduly prejudicial to National Union to litigate the issue of insurance coverage within the personal injury action. Kalin cross-moved for summary judgment on its claim for declaratory judgment.

By written decision, the IAS Court granted declaratory judgment to Kalin and denied National Union's motion to sever. Without addressing the severance issue, the court concluded that National Union had wrongfully disclaimed coverage for Kalin and that the policy provided coverage for precisely such claims as those asserted by Tishman and Crow.

Section I of the policy sets forth the various types of coverage provided to the insured. Under "Coverage A. Bodily Injury and Property Damage Liability," subdivision (1), entitled "Insuring Agreement," provides that the carrier "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." It further states that the carrier is obligated to defend any action seeking such damages.

Subdivision (2) then lists six exclusions to the policy coverage ([a] through [f]), of which the following two, (b) and (e), are relevant to the matter before us:

"2. Exclusions.

"This insurance does not apply to:

"b. 'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. *This exclusion does not apply to liability for damages*:

"(1) Assumed in a contract or agreement that is an 'insured contract'. * * *

"(2) That the insured would have in the absence of the contract or agreement. * * *

"e. 'Bodily injury' to:

"(1) An employee of the insured arising out of or in the course of employment by the insured.

"(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.

"This exclusion applies:

"(1) Whether the insured may be liable as an employer or in any other capacity; and

"(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*"This exclusion does not apply to liability assumed by the insured under an 'insured contract.' "* (Emphasis added.)

This version of paragraph (e) was never effective, however, having been replaced, as of the date of the policy, by an amendatory endorsement attached to the printed policy form. Endorsement MS#7, entitled "Employee Bodily Injury Exclusion," states that

"[i]t is agreed that Exclusion (e) relating to bodily injury to any employee is replaced by the following:

"(e) 'Bodily Injury' to:

"(1) An employee of the insured arising out of and in the course of employment by the insured;

"(2) A past, present or prospective employee of the insured, arising from any employment action, practice or policy of the insured. * * *

"(3) Any relative or member of the family of that past, present, or prospective employee as a consequence of (1) or (2) above.

"This exclusion applies:

"(1) Whether the insured is or may be held liable as an employer or in any other capacity; and

"(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury."

The endorsement exclusion thus expands the scope of the original version as to the individuals affected and the circumstance in which an injury may arise; most significantly, however, it eliminates the concluding sentence of the original exclusion, i.e., the *exception* for "liability assumed by the insured under an 'insured contract.' "

As is relevant to our analysis, an "insured contract" is defined in subdivision (6) (f) of section V ("Definitions") as "That part of any other contract or agreement pertaining to your business * * * under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization. Tort liability means a li-

ability that would be imposed by law in the absence of any contract or agreement."

On this appeal, Kalin argues that Endorsement MS#7 does not preclude the insured contract or contractual indemnity coverage afforded under the exception to exclusion (2) (b); that there is no evidence that elimination of such coverage was intended by the endorsement; that to interpret the endorsement to eliminate such coverage would be to deprive (2) (b) of its full effect; and that, at the very least, the two provisions create an ambiguity in the policy that must be interpreted against the insurer. National Union maintains that by virtue of replacing original exclusion (2) (e) with the amendatory endorsement, the plain meaning and intent of MS#7 was precisely to do away with the former insured contract exception for bodily injury claims of employees, and to bring such claims within the scope of exclusion (2) (e). It is their position that, while there remains an "insured contract" exception to exclusion (2) (b), that exception is limited to (2) (b) alone; that Endorsement MS#7 applies only to employee bodily injury claims, while (2) (b) applies to all others; and that the two subdivisions therefore create no conflict or ambiguity.

At the outset, it should be noted that the IAS Court mistakenly stated that National Union's refusal to defend or indemnify Kalin was in reliance on policy exclusion (2) (b), rather than MS#7, although the court correctly quoted the language of Endorsement MS#7 in that context; the court interpreted that language to exclude only common-law indemnification claims, while contractual claims, such as Kalin's, were addressed by exclusion (2) (b), which specifically excepts from its scope "insured contract" liability. However, in mislabelling the relevant provisions, the court overlooked the original policy exclusion in (2) (e), and its replacement by Endorsement MS#7. In any event, we reach a contrary conclusion upon reading the relevant provisions and find that the policy does exclude Kalin's claim and that National Union is not obligated to defend or indemnify Kalin.

■ An insurer bears the burden of demonstrating that a policy exclusion defeats an insured's claim by establishing that the exclusion is "stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652; *Moneta Dev. Corp. v Generali Ins. Co.*, 212 AD2d 428, 429). Any ambiguity in such exclusion will be construed against the insurer (*see, e.g., Ace Wire & Cable*

*Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398; *Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83, 84; *Ramirez v United States Fid. & Guar. Co.*, 133 AD2d 146, 148). At the same time, an insured must demonstrate that an exception to an exclusion applies where coverage rests on the application of such exception (*see, State of New York v Schenectady Hardware & Elec. Co.*, 223 AD2d 783, 785; *Borg-Warner Corp. v Insurance Co.*, 174 AD2d 24, 31, *lv denied* 80 NY2d 753). We find that National Union has met its burden of demonstrating that Endorsement MS#7 is clear and unambiguous and that it, rather than the exception to general exclusion (2) (b), applies to the instant claim.

Under the original policy exclusion contained in (2) (e), it is clear that Kalin's claim would be covered because it would come within the exception that is spelled out in the final, unnumbered sentence of that provision. Having been deprived of that exception in that portion of the policy, Kalin seeks to avoid coming within the scope or operation of that provision at all; instead, it seeks coverage under (2) (b), which does include an insured contract exception. Having raised a claim involving bodily injury to an employee, Kalin cannot avoid Endorsement MS#7, entitled "Employee Bodily Injury Exclusion," which does not provide for any exception whatsoever; as to employee injuries, there is no longer coverage under the policy. We do not read this endorsement to be limited to common-law indemnification only, as Kalin urges. Indeed, such interpretation renders unnecessary and illogical the presence of the explicit "insured contract" exception in its predecessor version.

Having concluded that the language of the disputed provision itself is clear and unambiguous, we must further examine whether any ambiguity arises when it is read in conjunction with the rest of the policy and, specifically, exclusion (2) (b), as Kalin contends. We find no such ambiguity or contradiction. The first exclusion ([2] [b]) states that the policy does not cover claims for bodily injuries for which Kalin must pay because of liability assumed in a contract or agreement except for an "insured contract." The second provision (MS#7) limits the policy coverage absolutely as to bodily injuries sustained by a particular category of individuals: Kalin is not covered for bodily injury to its own employees both where it is or may be liable as employer or in another capacity and where there is "any obligation" to "share" damages or "repay" another who must pay such damages.

Even where one exclusion may at first appear to contradict another, or create an ambiguity, "[e]xclusions in policies of in-

surance must be read *seriatim*, not cumulatively, and if any one exclusion applies there can be no coverage since no one exclusion can be regarded as inconsistent with another [citation omitted]. Thus, if coverage of the kind sought herein was intended, there would be no need to recite in the contract any exclusions beyond that provided in '(a)' ". (*Zandri Constr. Co. v Firemen's Ins. Co.*, 81 AD2d 106, 109, *affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.*, 54 NY2d 999 [emphasis in original]; *see also, Hartford Acc. & Indem. Co. v Reale & Sons*, 228 AD2d 935). Thus, in *Zandri*, while exclusion (a) contained an exception that arguably could have applied to the claim involved, the subsequent exclusions made clear that it did not (*supra*, at 108-109); as the Court observed, there would be no need for the subsequent provisions if the first controlled. This reasoning is equally applicable to the policy before us.

Where the same language of the original exclusion (e) appeared in a policy in *Hailey v New York State Elec. & Gas Corp.* (214 AD2d 986), with the "insured contract" exception intact, the insurer acknowledged that the effect of the exclusion and exception was to deny coverage for contribution and common-law indemnification but cover the insured for contractual indemnification claims. Clearly, the intent and inescapable effect of deleting the "insured contract" exception is to deny coverage for all bodily injury claims, both common-law and contractual alike; to deprive the provision of this meaning would be to render it identical to its predecessor version, despite the deletion of the critical concluding sentence. Similarly, in *North Star Reins. Corp. v Continental Ins. Co.* (185 AD2d 187, *affd* 82 NY2d 281), we declared that the insurer was not liable for common-law *or* contractual indemnification for bodily injury to the insured's employee where the policy excluded coverage for such injury or " 'to any obligation of the insured to indemnify another because of damages arising out of such injury'." Indeed, in order to give effect to the two provisions at issue, MS#7 must be read as excluding the claim presented here, particularly in light of the omission of the insured contract exception (*see, e.g., County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628).

Finally, we note that, while not presented in the context of the issue before us, two courts have had occasion to review the language contained in Endorsement MS#7. In *Rosato v Koch Erecting Co.* (865 F Supp 104 [ED NY]), involving the application of the antisubrogation rule of *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281, *supra),* the Court concluded

that the disputed language clearly and unmistakably excluded coverage to the employer for employee bodily injury claims such as the one before us. In *Tozzi v Long Is. R. R. Co.* (170 Misc 2d 606, *affd* — AD2d —, 1998 NY Slip Op 01312 [2d Dept, Feb. 9, 1998]), the Second Department recently affirmed Supreme Court's finding that the subject policy was ambiguous, not because of the disputed language at issue here but because of another endorsement that required notice of certain claims. That provision is not found in the subject policy before us. Notably, citing *Rosato (supra)* as well as *North Riv. Ins. Co. v United Natl. Ins. Co.* (81 NY2d 812), Supreme Court had first concluded that the endorsement language that is before us was not in and of itself ambiguous.

Accordingly, the order of Supreme Court, New York County (Carol Arber, J.), entered January 15, 1997, which, insofar as appealed from as limited by the briefs, granted the motion of second third-party plaintiff for summary judgment declaring that National Union Fire Insurance Company is obligated to defend and contractually indemnify it for injuries sustained by plaintiff, should be reversed, on the law, without costs, the motion denied, and, upon a search of the record, summary judgment is granted to National Union pursuant to CPLR 3212 (b), declaring that National Union is not obligated to defend or indemnify Kalin.

ELLERIN, WALLACH and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered January 15, 1997, reversed, on the law, without costs, the motion of second third-party plaintiff for summary judgment declaring that second third-party defendant is obligated to defend and contractually indemnify it for injuries sustained by plaintiff denied, and, upon a search of the record, summary judgment granted to second third-party defendant, declaring that it is not obligated to defend or indemnify second third-party plaintiff.