■ Milbin Printing, Inc., et al., Appellants, v Lumbermen's Mutual Casualty Insurance Company et al., Respondents. [724 NYS2d 464] —In an action for a judgment declaring that the defendants have a duty to defend and indemnify the plaintiff Milbin Printing, Inc., in an underlying personal injury action entitled *Sully v Lever Manufacturing,* pending in the Supreme Court, Nassau County, under Index No. 12681/93, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Roberto, J.), dated January 31, 2000, which denied their motion for summary judgment, granted the defendants' cross motion for summary judgment, and declared that the defendants have no duty to defend and indemnify the plaintiff Milbin Printing, Inc., in the underlying personal injury action.

Ordered that the order and judgment is affirmed, with costs.

The defendants issued a general liability insurance policy to the plaintiff Milbin Printing, Inc. (hereinafter Milbin), which contained an exclusion for bodily injuries to "[a]n employee of the insured arising out of and in the course of employment of the insured." An employee of Milbin was injured in the course of his employment and sued the manufacturer of the machine on which he was injured. The manufacturer in turn impleaded Milbin, which was defended in the lawsuit by the plaintiff New York State Insurance Fund. The plaintiffs commenced this ac-

tion seeking a declaration that the defendants are obligated to defend and indemnify Milbin. The Supreme Court determined that the defendants have no duty to defend or indemnify Milbin based upon dual employment.

An exclusion from coverage "must be specific and clear in order to be enforced" (*Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer (*see, Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398; *Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361). However, an unambiguous policy provision must be accorded its plain and ordinary meaning (*see, Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868), and the plain meaning of the policy's language may not be disregarded in order to find an ambiguity where none exists (*see, Acorn Ponds v Hartford Ins. Co.,* 105 AD2d 723, 724).

Here, the plain meaning of the exclusion was to relieve the insurer of liability when its insured was sued or contribution was requested for damages arising out of bodily injury to its employee sustained in the course of employment. Thus, the exclusion applied to the injury in the present case and the Supreme Court properly granted summary judgment in favor of the defendants.

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.