■ NEW YORK CITY TRANSIT AUTHORITY, Appellant, v FIREMAN'S FUND INSURANCE COMPANY et al., Respondents, et al., Defendant. [732 NYS2d 161] —Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered August 16, 2000, dismissing the complaint and bringing up for review an order, same court and Justice, entered on or about July 21, 2000, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, solely to declare in defendants' favor that they are under no duty to defend or indemnify in the underlying personal injury action, and otherwise affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Even if it is assumed, as it was for purposes of defendants' motion, that defendants are estopped from denying coverage under an Owners and Contractors Protective Liability (OCP) policy, that coverage would not have encompassed the claims

alleged in the underlying action. An insurer is under no duty to defend or indemnify unless the allegations of the complaint in the underlying liability action against the insured fall within the insured's coverage (*see, Direct Travel v Aetna Cas. & Sur. Co.*, 214 AD2d 484). Here, the complaint in the underlying personal injury action charged plaintiff with common law negligence, which would not have been covered by Fireman's Fund's OCP policy. The Fireman's Fund OCP policy provided coverage only for negligence in the insured's general supervision of its contractor, not for the insured's own unmediated negligence in connection with the actual performance of the contracted for work, as was alleged against it in the underlying action.

We modify only to declare in defendants' favor (*see, Lanza v Wagner*, 11 NY2d 317, 334). Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Rubin, JJ.