■ NEYS LANFORD ESCOBAR et al., Appellants, v COLONIAL INDEMNITY INSURANCE COMPANY, Respondent. [804 NYS2d 360]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Kramer, J.), dated May 12, 2004, which denied their cross motion for summary judgment striking the defendant's answer, granted the defendant's motion for summary judgment, and declared that the defendant is not obligated to defend or indemnify them.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion to strike the defendant's answer. The plaintiffs did not clearly show that the defendant failed to comply with the Supreme Court's discovery orders, or, if it did, that such failure was willful, contumacious, or in bad faith (*see Morano v Westchester Paving & Sealing Corp.,* 7 AD3d 495, 496 [2004]; *Olmoz v Town of Fishkill,* 258 AD2d 447, 448 [1999]).

The Supreme Court properly granted the defendant's motion for summary judgment. The subject insurance contract specifically excluded from the scope of coverage "bodily injury . . . to any employee of the insured arising out of and in the course of his/her employment by the insured for which the insured may be liable as an employer or in any other capacity." "[W]here the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement" (*Government Empls. Ins. Co. v Kligler,* 42 NY2d 863, 864 [1977]). The defendant thus established prima facie entitlement to judgment as a matter of law by submitting the subject insurance policy, and the deposition transcript of the plaintiff Neys Lanford Escobar, which demonstrated, without contradiction, that the plaintiff in the

underlying action was injured while he was employed by the plaintiff Calimia Construction Company (*see Milbin Print. v Lumbermen's Mut. Cas. Ins. Co.,* 283 AD2d 467, 468 [2001]).

In opposition to this showing by the defendant of prima facie entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Although the plaintiffs argued that the underlying claim falls within the exception to the exclusion for "side track agreements," it did not raise a triable issue as to whether the claim falls within that exception (*see Monteleone v Crow Constr. Co.,* 242 AD2d 135, 140 [1998]; *State of New York v Schenectady Hardware & Elec. Co.,* 223 AD2d 783, 785 [1996]). The plaintiffs similarly failed to present any evidence raising an issue of fact that the agent to whom notice of the claim was given was an agent of the insurer, such that notice to the agent constituted notice to the insurer. In the absence of such proof, notice to the agent was not sufficient to invoke the insurer's obligation to timely disclaim coverage pursuant to Insurance Law § 3420 (*see Matter of First Cent. Ins. Co.,* 3 AD3d 494, 495 [2004]; *Serravillo v Sterling Ins. Co.,* 261 AD2d 384, 385 [1999]) and the disclaimer, given shortly after learning of the claim from another source, was not untimely. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.