JAVON NUNEZ et al., Appellants, v LONG ISLAND JEWISH MEDICAL CENTER-SCHNEIDER CHILDREN'S HOSPITAL et al., Respondents, et al., Defendants. [918 NYS2d 163]—

The Supreme Court properly granted the motion of the defendants Long Island Jewish Medical Center-Schneider Children's Hospital, Alice McKnight Garner, Dennis Davidson, Barbara Cooney, Beverley Crearer, Shelley Cacchetti, and P. Williams (hereinafter collectively the defendants) for summary judgment dismissing the complaint insofar as asserted against them. The defendants' motion for summary judgment was made three years after the commencement of this action, and after the plaintiffs had filed their note of issue placing the action on the trial calendar. "Summary judgment may not be defeated on the ground that more discovery is needed, where, as here, the side advancing such an argument has failed to ascertain the facts due to its own inaction" (*Meath v Mishrick*, 68 NY2d 992, 994 [1986]; *see Ward v New York City Hous. Auth.*, 18 AD3d

391, 392 [2005]; *Household Bank [SB], N.A. v Mitchell*, 12 AD3d 568, 569 [2004]; *Dennis v City of New York*, 304 AD2d 611, 612-613 [2003]). Moreover, the defendants established their prima facie entitlement to judgment as a matter of law through the submission of an expert's affidavit, which demonstrated that they did not depart from good and accepted medical practice in treating the infant plaintiff shortly after his birth, and, in any event, that their treatment was not a proximate cause of the infant plaintiff's alleged injuries (*see McKenzie v Clarke*, 77 AD3d 637, 638 [2010]; *Heller v Weinberg*, 77 AD3d 622 [2010]; *Belak-Redl v Bollengier*, 74 AD3d 1110, 1111 [2010]). The plaintiffs opposed the motion solely by arguing that depositions of the defendants were needed to obtain the evidence necessary to defeat summary judgment. However, the plaintiffs made no showing that any facts necessary to oppose summary judgment were exclusively within the defendants' knowledge, and the plaintiffs' mere hope that depositions might uncover the existence of such facts was insufficient to delay the summary judgment determination (*see Shectman v Wilson*, 68 AD3d 848, 850 [2009]; *Trombetta v Cathone*, 59 AD3d 526, 527 [2009]; *Giraldo v Morrisey*, 63 AD3d 784, 785 [2009]).

The Supreme Court also providently exercised its discretion in denying the plaintiffs' motion to strike the defendants' answer, or to compel the defendants to appear for depositions. The drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful or contumacious (*see Palomba v Schindler El. Corp.*, 74 AD3d 1037 [2010]; *Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d 719, 722 [2009]; *Escobar v Colonial Indem. Ins. Co.*, 22 AD3d 633 [2005]). The plaintiffs made no showing that the delay in scheduling depositions was due to any willful or contumacious conduct on the part of the defendants. Furthermore, the plaintiffs' alternative request to compel the defendants to appear for depositions was rendered academic by the Supreme Court's award of summary judgment to the defendants. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.