■ VINCENT TARTAGLIA, Respondent, v NORTHERN DUTCHESS HOSPITAL, Appellant, et al., Defendants. [925 NYS2d 514]—

In an action to recover damages for medical malpractice, the defendant Northern Dutchess Hospital appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Dutchess County (Dolan, J.), dated January 29, 2010, which, inter alia, denied those branches of its motion which were for summary judgment dismissing so much of the complaint as alleged inadequate fetal heart monitoring and inadequate postpartum care insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Northern Dutchess Hospital which was for summary judgment dismissing so much of the complaint as alleged inadequate postpartum care insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to recover damages for medical malpractice against, among others, the defendant Northern Dutchess Hospital (hereinafter the hospital). Specifically, the plaintiff alleged, inter alia, that the hospital departed from good and accepted standards in failing to properly monitor the plaintiff's fetal heart rate during his mother's labor and in failing to provide adequate postpartum care to the plaintiff. The hospital moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied, among other things, those branches of the hospital's motion which were for summary judgment dismissing so much of the complaint as alleged inadequate fetal heart monitoring and inadequate postpartum care insofar as asserted against it. We modify.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (*Geffner v North Shore*

*Univ. Hosp.*, 57 AD3d 839, 842 [2008]; *see Stukas v Streiter*, 83 AD3d 18 [2011]; *Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 565 [2009]; *Myers v Ferrara*, 56 AD3d 78, 83 [2008]). Here, with regard to the claims relating to the postpartum care provided to the plaintiff, the hospital made a prima facie showing that there was no departure from good and accepted medical practice and, in any event, that the postpartum care provided to the plaintiff was not a proximate cause of the plaintiff's alleged injuries (*see Nunez v Long Is. Jewish Med. Ctr.-Schneider Children's Hosp.*, 82 AD3d 724 [2011]; *Heller v Weinberg*, 77 AD3d 622, 623 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the hospital's motion which was for summary judgment dismissing so much of the complaint as alleged inadequate postpartum care provided to the plaintiff insofar as asserted against it.

However, with regard to the claims relating to the alleged failure of the hospital to properly monitor the plaintiff's fetal heart rate during his mother's labor, the hospital did not make a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The failure to make such showing requires denial of that branch of the motion, regardless of the sufficiency of the plaintiff's papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Post v County of Suffolk*, 80 AD3d 682, 685 [2011]). Accordingly, the Supreme Court properly denied that branch of the hospital's motion which was for summary judgment dismissing so much of the complaint as alleged inadequate fetal heart monitoring insofar as asserted against it. Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.