[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2012
JOHN LEY
CLERK

_____

No. 10-14884

_____

D.C. Docket No. 2:08-cv-00155-LGW-JEG


GUY J. CARRIER,

Plaintiff - Appellant,

versus

RLI INSURANCE COMPANY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 5, 2012)

Before WILSON and MARTIN, Circuit Judges, and ALBRITTON,* District Judge.

PER CURIAM:

_____

* Honorable W. Harold Albritton, United States District Judge for the Middle District of Alabama, sitting by designation.

Guy Carrier appeals from the district court's grant of summary judgment in favor of RLI Insurance Co.  After careful review, we affirm.

Carrier conceded in the district court that the loss he sustained falls within the "manufacturer's defects" exclusion of the insurance policy that is at issue. Under New York and Virginia law,[1] if an exclusion in a policy applies, there is no coverage regardless of whether the loss also falls within an exception to a different exclusion.  See Hartford Accident & Indem. Co. v. A.P. Reale & Sons, Inc., 644 N.Y.S.2d 442, 443 (N.Y. App. Div. 1996); Monteleone v. Crow Constr. Co., 673 N.Y.S.2d 408, 411–12 (N.Y. App. Div. 1998); Nationwide Mut. Ins. Co. v. Wenger, 278 S.E.2d 874, 876 (Va. 1981).  Thus, the fact that the damages here may fall within the exception to the "latent defect" exclusion is immaterial.

Carrier resists this conclusion by making several arguments, but none are persuasive.  First, he suggests that there is a conflict between the "manufacturer's defects" exclusion and the exception to the "latent defects" exclusion.  If such a conflicts exists, it would have to be resolved in favor of the insured.  See, e.g., White v. Cont'l Cas. Co., 878 N.E.2d 1019, 1021 (N.Y. 2007); Va. Farm Bureau

---

[1] The parties here agree that either New York or Virginia law applies and that there is no conflict between these bodies of law and general maritime law.  Under these circumstances, it is not necessary for us to perform the choice-of-law analysis that would otherwise be required under the Supreme Court's decision in Wilburn Boat Co. v. Fireman's Fund Insurance Co., 348 U.S. 310, 320–21, 75 S. Ct. 368, 374 (1955).

Mut. Ins. Co. v. Williams, 677 S.E.2d 299, 302 (Va. 2009). Carrier's argument, however, rests on the faulty notion that all "latent defects" are "manufacturer's defects" within the meaning of the policy. Although the phrase "manufacturer's defects" may plausibly be read to encompass defects in the components and parts of a final product, this is a very broad construction of the "manufacturer's defects" exclusion, and it violates the basic rule that exclusions are to be read narrowly. Cragg v. Allstate Indem. Corp., 950 N.E.2d 500, 502 (N.Y. 2011); Allstate Ins. Co. v. Gauthier, 641 S.E.2d 101, 104 (Va. 2007).

Second, Carrier argues that the district court's reading of the policy would render the exception to the "latent defects" exclusion superfluous. But this argument is premised on the faulty idea that all "latent defects" are "manufacturer's defects." As the district court correctly observed, once the "manufacturer's defects" exclusion is construed narrowly—as it must be—it is clear that there are "latent defects" that are not "manufacturer's defects," such that there would be coverage for damages resulting from such defects. Here, however, Carrier has conceded that the loss he sustained was the result of a "manufacturer's defect" within the meaning of the policy.

Third and finally, Carrier states that the exception to the "latent defect" exclusion is not "solely applicable" to that exclusion. Insofar as Carrier suggests

3

that the exception also applies to the "manufacturer's defects" exclusion, that is simply an implausible reading of the policy: the "manufacturer's defects" exclusion does not contain such an exception. Also, to the extent that Carrier is trying to emphasize that the "latent defects" exclusion contains an exception that provides coverage for damages resulting from latent defects, that is also a non-starter: if a loss falls within any single exclusion, then there is no coverage, even if it falls within an exception to a separate exclusion. Monteleone, 673 N.Y.S.2d at 411–12; Wenger, 278 S.E.2d at 876.[2]

The District Court did not err in holding that there is no coverage for the loss that Carrier sustained. We therefore affirm its grant of summary judgment.

**AFFIRMED.**

---

[2] Carrier's final suggestion is that there is coverage under the mortgagee clause. Carrier is not the mortgagee under the policy, however. He therefore does not have standing to enforce the mortgagee clause. See, e.g., Blakeslee v. Royal Ins. Co. of Am., No. 93- Civ-1633, 1995 WL 122724, at *3 (S.D.N.Y. Mar. 22, 1995); see also U.S. Fid. & Guar. Co. v. Annunziata, 492 N.E.2d 1206, 1208 (N.Y. 1986) (explaining that the mortgagee clause creates "an independent and separate insurance coverage for the mortgagee's interest").