Transel El. & Elec., Inc. v First Specialty Ins. Co. (2023 NY Slip Op 01493)

Transel El. & Elec., Inc. v First Specialty Ins. Co.

2023 NY Slip Op 01493

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 654955/21 Appeal No. 17555 Case No. 2022-03216 

[*1]Transel Elevator & Electric, Inc. Doing Business as TEI Group, Plaintiff-Appellant,
v
First Specialty Insurance Company, Defendant-Respondent.

Anderson Kill, PC, New York (John M. Leonard of counsel), for appellant.
Fleischner Potash, LLP, New York (Alexandra E. Rigney of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 1, 2022, which denied the motion of plaintiff Transel Elevator & Electric, Inc. for summary judgment and, upon searching the record, granted summary judgment in favor of defendant, declaring that it had no obligation to defend or indemnify the plaintiff in the underlying personal injury action and dismissing the complaint, unanimously affirmed, without costs.
Transel, the insured under a commercial package insurance policy issued by defendant, failed to establish its entitlement to summary judgment, as it failed to demonstrate that its claim fell under an exception to the policy's "auto exclusion" (see Monteleone v Crow Const. Co., 242 AD2d 135, 139-140 [1st Dept 1998], lv denied 92 NY2d 818 [1998]). The auto exclusion excludes coverage for bodily injury or property damage arising out of the ownership, maintenance, or use of any "auto" — which, according to the policy definition, comprises both automobiles and trucks — owned or operated by any insured. Furthermore, according to the policy, "use" includes "loading or unloading." The auto exclusion states that it does not apply to the operation of "mobile equipment."
The accident in the underlying action occurred while the plaintiff in that action was unloading material from a truck's shipping trailer or liftgate — an activity clearly encompassed by the auto exclusion. That the plaintiff in the underlying action was allegedly injured because the trailer lift was defective does not remove the injury from the ambit of the policy exclusion (Country-Wide Ins. Co. v Excelsior Ins. Co., 147 AD3d 407, 409 [1st Dept 2007], lv denied 30 NY3d 905 [2017]). Moreover, we reject Transel's assertion that it was entitled to coverage based on the exception to the auto exclusion for bodily injury arising out of the operation of any machinery or equipment included in the definition of "mobile equipment" — that is, "[c]herry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers." A liftgate is not similar to a cherry picker as it is not used to raise or lower workers, and the truck that allegedly caused the plaintiff's injury was an automobile, not mobile equipment (see id.).
Because Transel failed to show that an exception to the auto exception applies, there can be no coverage. For that reason, and because the exclusion is "stated in clear
and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (Monteleone, 242 AD2d at 140-141), Supreme Court properly searched the record to grant summary judgment to defendant.
We have considered Transel's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023