TCS Constr. Corp. v AmTrust N. Am., Inc. (2025 NY Slip Op 00836)

TCS Constr. Corp. v AmTrust N. Am., Inc.

2025 NY Slip Op 00836

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 810296/21 Appeal No. 3684 Case No. 2023-06273 

[*1]TCS Construction Corp., et al., Plaintiffs-Respondents,
v
AmTrust North America, Inc., et al., Defendants-Appellants, Petrocelli Group, Inc., Defendant.

Gunnercooke US LLP, New York (Max W. Gershweir of counsel), for AmTrust North America, Inc. and Wesco Insurance Company, appellants.
Sinayskaya Yuniver, P.C., Brooklyn (Salvatore Compoccia of counsel), for respondents.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about October 30, 2023, which denied the motion of defendants AmTrust North America, Inc. and Wesco Insurance Company for summary judgment dismissing the complaint as against them and declaring that Wesco has no duty to defend or indemnify plaintiffs TCS Construction Corp. and Tsurishaddai Matsui in the underlying action, and denied the motion of defendant Morstan General Agency Inc. of New York for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, AmTrust and Wesco's motion granted and the complaint dismissed as against them, and it is declared that Wesco has no duty to defend or indemnify TCS or Matsui in the underlying action, and Morstan's motion granted and the complaint dismissed as against it.
Wesco issued a commercial general liability (CGL) policy to TCS and its principal, Matsui, and an employers' liability (EL) policy to TCS. TCS, a contractor, was hired to renovate certain real property owned by nonparty Balila Realty, LLC. Before commencing its work on those premises, TCS bought both of the aforementioned policies from Wesco through Wesco's managing general agent, AmTrust.
The CGL policy contains an employer's liability exclusion that applies to bodily injury to an "'employee' of the 'insured' arising out of and in the course of . . . [e]mployment by the 'insured'," including "any obligation to share damages with or repay someone else who must pay damages because of the injury." The CGL policy also contains an independent contractors exclusion that applies to bodily injury "arising out of operations performed for any insured by independent contractors or acts or omissions of any insured in connection with his supervision of such operations."
The EL policy covers "bodily injury by accident" if the injury "arise[s] out of and in the course of the injured employee's employment by you [TCS]." If those conditions are satisfied, the EL policy obligated Wesco to "pay all sums you [TCS] legally must pay as damages because of bodily injury to your employees," including, "where recovery is permitted by law," damages "for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee."
In September 2016, Gabriel Pacheco, an employee of TCS, sued Balila to recover damages for injuries he allegedly sustained while performing construction work at its premises. Balila later filed a third-party complaint against TCS and Matsui; according to the allegations in the third-party complaint, Pacheco was employed by his brother rather than by TCS. TCS and Matsui commenced this action against AmTrust and Wesco, and, as relevant here, against Morstan, alleging that Morstan, a broker, sold TCS insurance for additional insured protection covering claims for bodily injury arising out of, or in the [*2]course of, TCS's performance.
Wesco established its entitlement to summary judgment. With regard to the claim under the CGL policy, Wesco made an unrebutted prima facie showing of noncoverage by submitting evidence that Pacheco was injured in the course of his employment with TCS and therefore, that the employer's liability and independent contractor exclusions in the CGL policy apply to bar coverage of the contribution and indemnification claims against TCS and Matsui. Wesco submitted Pacheco's bill of particulars, deposition testimony, and workers' compensation claim documentation, all of which showed that Pacheco was injured while he was performing construction work for TCS at the premises (see Monteleone v Crow Constr. Co., 242 AD2d 135, 141 [1st Dept 1998]). Although allegations in a third-party complaint can be considered when finding a "reasonable possibility of coverage" (see Arch Specialty Ins. Co. v HDI Gerling Am. Ins. Co., 230 AD3d 445, 445 [1st Dept 2024]), Pacheco's deposition testimony contradicted the allegations of the third-party complaint, as he maintained that TCS, for whom he had worked for 10 years, was his only boss. Balila's remaining claims against TCS and Matsui — that is, the claims sounding in breach of contract, intentional tort, and promissory estoppel — did not seek damages because of an accidental bodily injury and therefore failed to qualify as a covered "occurrence" under Wesco's CGL policy (see Direct Travel v Aetna Cas. & Sur. Co., 214 AD2d 484, 485 [1st Dept 1995]).
With regard to the claim under the EL policy, Wesco made an unrebutted prima facie showing of noncoverage by submitting Pacheco's bill of particulars, which demonstrated that his injuries did not qualify as "grave injuries" within the meaning of Workers' Compensation Law § 11 (see National Union Fire Ins. Co. of Pittsburgh, PA v 221-223 W. 82 Owners Corp., 120 AD3d 1140, 1140 [1st Dept 2014]). Pacheco's claimed injuries were attributed to a wrist fracture and back and neck injuries, not an "acquired injury to the brain, the only potentially applicable category of grave injury under Workers Compensation Law § 11" (see Anton v West Manor Constr. Corp., 100 AD3d 523, 524 [1st Dept 2012]). Because Pacheco's injures were not "grave injuries" within the meaning of Workers' Compensation Law § 11, "recovery [from TCS] is [not] permitted by law" upon a third party's claim for contribution or indemnification with respect to damages based on those injuries. Accordingly, such third-party claims against TCS are not covered by the EL policy as to either defense or indemnity. 
Because Wesco was a disclosed principal, neither AmTrust nor Morstan have individual liability under the circumstances presented here, even if they are characterized as agents (see Blandford Land Clearing Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 260 AD2d 86, 92-93 [1st Dept 1999]). Furthermore, the complaint contains no specific allegations that AmTrust or Morstan were asked [*3]to procure specific insurance and failed to do so.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025