■ MILTON MATZA, Respondent, v EMPIRE STATE MUTUAL LIFE INSURANCE COMPANY, Appellant.—Judgment, Supreme Court, New York County, entered December 9, 1974, after a jury trial, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. In 1968, defendant issued to plaintiff a policy of disability insurance. Approximately three years later plaintiff developed cancer of the larynx and had to undergo a total laryngectomy (removal of the larynx), resulting in the loss of normal speech. Three payments were made pursuant to the terms of the policy for total disability. Such checks were received and deposited by plaintiff. A fourth check on which the word "final" appeared was not so deposited. Defendant declined to make further payments on the ground that plaintiff was not totally disabled. Plaintiff commenced this action to recover benefits alleging that he is totally disabled within the provisions of the policy. The application for insurance, executed in 1968, lists plaintiff's occupation as "executive." At trial, plaintiff, a half owner and vice president of a skirt manufacturing business, testified that prior to the operation the major part of his duties was that of chief salesman for the firm's products. Due to his disability he can no longer perform adequately in that role. The uncontradicted testimony is that he described the nature of his duties to defendant's representative, who filled out the application form and that such representative elected to describe or list plaintiff's occupation as "executive." The jury found for the plaintiff on a question submitted to it that he was totally disabled as an executive. The jury also determined that it was the intent of the parties to insure plaintiff only as an executive and not as an executive and salesman. On appeal, defendant-appellant urges that the jury's finding that plaintiff was totally disabled as an·executive is against the weight of the credible evidence. Reference is made to plaintiff's testimony that his executive duties occupied 10% of his time and 90% was spent talking to customers. The policy defines "total disability" as "the complete inability of the Insured to perform *each and every duty* of his occupation". (emphasis supplied) While the term "executive" imports administrative activity and is usually thought of in terms of managerial functions, it does not necessarily exclude work of the nature in which plaintiff engaged. The parties intended to insure plaintiff against total disability.

There is no indication that the risk would have been greater had plaintiff's occupation been listed as "salesman". The inability to speak save under the difficult conditions described at trial represents total disability within the meaning of the policy for it clearly appears that plaintiff is unable to perform *each and every duty of his occupation* as those terms are generally understood. "Consistently followed in this State has been the rule that the policy must be construed reasonably and that it must be given a practical construction, not thereby with the result that there is a revision of the policy or an increase of the risk and thus an extension of the resulting liability, but for the purpose of determining what the parties must reasonably have intended by its terms when the policy was written by defendant and accepted by the plaintiff [citations omitted]." *(McGrail v Equitable Life Assur. Soc.,* 292 NY 419, 424–425.) It was a question for the jury as to whether plaintiff was totally disabled and they so found. Nor, would the fact that, after his operation, plaintiff participated to a limited extent in certain of the firm's business exclude him from coverage where it clearly appears that he is incapacitated from performing an essential and substantial part of his duties. The descriptive term "executive" was apparently used by defendant's representative in good faith, since fraud is not claimed. Certainly such term was not the inducing factor for the issuance of the policy. The misdescription, if indeed there is one, is the fault of defendant's representative and defendant should not be permitted to disclaim responsibility by reason of such use where, as here, total disability is established. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lynch, JJ.