■ SALVATORE R. CURIALE, Superintendent of Insurance of the State of New York, as Liquidator of AMERICAN FIDELITY FIRE INSURANCE COMPANY and Another, Respondent, v DR INSURANCE COMPANY, Appellant. [603 NYS2d 460] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about December 29, 1992, which, insofar as appealed from, granted plaintiff's motion for summary judgment to the extent of holding that the reinsurance policy in issue is not unenforceable for illegality, and that defendant is responsible as a "fronter" for the reinsurance syndicate's entire liability under such policy, unanimously affirmed, with costs.

Inasmuch as loss allocation is the primary matter of concern in this dispute involving a reinsurance policy, the IAS Court properly applied the grouping of contacts choice of law theory in deciding that New York law controls *(see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.],* 81 NY2d 219, 226), giving appropriate weight to the place of execution. The British contacts, including negotiation of the policy in London, were all by third parties, mostly the brokers. While we agree with defendant that the policy itself is ambiguous, plaintiff's extrinsic evidence of an agreement by defendant's predecessor to be individually liable for claims made by plain-

tiff's liquidatees suffices, prima facie, to establish defendant as a "fronter", and was not met by countervailing evidence in support of defendant's position to the contrary. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Kassal, JJ. *[See,* 159 Misc 2d 208.]