BROWN, Admr., Appellant,

v.

MADISON; All State Indemnity Company, Appellee.

[Cite as *Brown v. Madison* (2000), 139 Ohio App.3d 867.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77317.

Decided Oct. 30, 2000.

*Behrens & Gioffre Co., L.P.A., James E. Behrens* and *Michael S. Schroeder,* for appellant.

*Caravona & Czack, P.L.L.,* and *Anthony L. Ania; Fillo & Siskovic* and *Carole Siskovic,* for Tommie Madison.

*McNeal, Schick, Archibald & Biro Co., L.P.A.,* and *Fredric E. Kramer,* for appellee.

---

JAMES D. SWEENEY, Judge.

Plaintiff-appellant Howard C. Brown, administrator of the estate of Henrietta Brown, appeals the trial court's ruling granting summary judgment for supplemental defendant-appellee Allstate Indemnity Company (hereinafter "Allstate").

This action was filed against Tommie Madison, a.k.a. Gloria Fields (hereinafter "Madison") for the personal injuries of Henrietta Brown and for her wrongful death.[1] On August 3, 1994, a default judgment was rendered against Madison for the sum of $500,000. After leave was requested and granted, the appellant filed a supplemental complaint against Allstate on April 23, 1997. Subsequent to discovery, the trial court granted the motion for summary judgment filed by Allstate, finding that there was no coverage for the accident that resulted in the death of Henrietta Brown.

The parties are agreed that Henrietta Brown resided at 13403 Milan in East Cleveland, Ohio, with her granddaughter Tommie Madison. Decedent had two children, Howard Brown, the administrator of her estate, and Tommie Mae Fields, the mother of Tommie Madison. While in residence with her granddaughter, decedent allegedly fell to her death from a second story porch.[2] Madison held a current policy of homeowner's insurance with Allstate.

 The portion of the insurance policy regarding coverage states:

---

1. A claim for personal injuries was made before the trial court, but since it has not been mentioned or argued on appeal, this court finds this claim to be waived.

2. This court specifically declines to make factual findings regarding the fall and cause of the death of Henrietta Brown.

"SECTION II FAMILY LIABILITY

AND GUEST MEDICAL PROTECTION

Coverage X

Family Liability Protection

"Losses We Cover:

"Subject to the terms, limitations and conditions of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an accident and covered by this part of the policy."

The issue presented in this case is whether the coverage is excluded by the following section of the policy:

"Losses We Do Not Cover:

"* * *

"3. **We** do not cover **bodily injury** to an **insured person** or **property damage** to property owned by an **insured person** whenever any benefit of this coverage would accrue directly or indirectly to an insured person."

The appellant sets forth the following assignment of error:

"The trial court erred in granting summary judgment to appellee, Allstate Indemnity Company, because there is no exclusion in the applicable policy of homeowners insurance which precludes coverage for the wrongful death damages sought by plaintiff's supplemental complaint."

The appellant asserts that the policy exclusion set forth above does not apply to this claim because no insured will receive any type of benefit from the wrongful death claim. The appellant argues that the heirs of the decedent consist of her two children, Howard Brown and Tommie Mae Fields, that neither are insured persons under the policy, and that the wrongful death claim will inure to their benefit, not the benefit of the decedent or the decedent's estate. The gist of the appellant's argument is that it is impossible for a dead person to receive any benefit of any kind from a wrongful death claim. The appellee asserts that the Supreme Court has rejected the appellant's argument in *Cincinnati Indemn. Co. v. Martin* (1999), 85 Ohio St.3d 604, 710 N.E.2d 677.

■ Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 671 N.E.2d 241; *Zemcik v. La Pine Truck Sales & Equip. Co.* (1998), 124 Ohio App.3d 581, 706 N.E.2d 860. The Ohio Supreme Court recently restated the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 204, as follows:

"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274."

Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E). *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.

In *Holliman v. Allstate Ins. Co.* (1999), 86 Ohio St.3d 414, 715 N.E.2d 532, the Supreme Court held that when the language in an insurance policy is ambiguous and susceptible of more than one meaning, the policy will be liberally construed in favor of the insured and strictly against the insurer who drafted the policy. *Derr v. Westfield Cos.* (1992), 63 Ohio St.3d 537, 542, 589 N.E.2d 1278, 1282. However, when the plain and ordinary meaning of the language used in an insurance policy is clear and unambiguous, a court cannot resort to construction of that language; rather, the contract will be enforced as written. *Cincinnati Indemnity Co. v. Martin, supra.*

In *Cincinnati Indemnity Co., supra,* the Supreme Court considered a case where a boy accidently shot and killed his brother. The children lived with their mother, who was an insured under the Cincinnati Indemnity policy. The parties agreed that the children were also insured. Mrs. Martin's ex-husband, the father of the children, did not reside in the home and was not an insured. Mr. Martin filed a wrongful death action against Mrs. Martin. The Supreme Court held at the syllabus:

"An insurer has no duty to defend or indemnify its insured in a wrongful death lawsuit brought by a noninsured based on the death of an insured where the policy excludes liability coverage for claims based on bodily injury to an insured."

In essence, the court held that even though a wrongful death action compensates the wrongful death beneficiary and not the estate, where there would have been no coverage to the insured, the insurance company need not defend against a wrongful death action either. The *Cincinnati Indemnity* court held that a

homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves. The focus of the inquiry should be whether there was policy coverage which would trigger the duty to indemnify the insured in the wrongful death lawsuit. *Id.*

The facts in the case sub judice are strikingly similar. An insured under the policy suffered bodily injury resulting in death for which a nonresident, noninsured, family member filed a wrongful death action against the insured policy holder.[3] Thus, this court must next determine whether there was policy coverage that would have triggered the appellee's duty to indemnify. This court finds that the question must be answered in the negative. Neither Madison nor decedent would have been entitled to indemnification from the appellee for the injuries and death of decedent. Thus, under *Cincinnati Indemnity, supra*, the appellant's assignment of error must be overruled.

*Judgment affirmed.*

ANN DYKE, A.J., and SPELLACY, J., concur.

---

3. It is of no impact to the analysis pertaining to coverage that in *Cincinnati Indemnity* a declaratory judgment action was filed prior to judgment while in the case herein a judgment has already been rendered against the policy holder and a supplemental complaint filed against the insurance company.