[905 NYS2d 381]

Eric Cragg, as Administrator of the Estate of Kayla Margaret
Rose Cragg, Deceased, Appellant, v Allstate Indemnity
Corporation, Respondent, et al., Defendants.

Fourth Department, May 7, 2010

## APPEARANCES OF COUNSEL

*Law Office of John J. Fromen,* Buffalo, *Magavern Magavern Grimm LLP* (*Edward J. Markarian* of counsel), for appellant.

*Goldberg Segalla LLP*, Buffalo (*Kimberly E. Whistler* of counsel), for respondent.

## OPINION OF THE COURT

CARNI, J.

This appeal presents the issue, apparently one of first impression in New York, whether an insurer is required to defend or indemnify its insureds for the wrongful death of an insured person, here, plaintiff's decedent. We conclude that the plain language of the policy in question excludes coverage for bodily injury to an insured person when such coverage would enure to the benefit of an insured person. We therefore further conclude that Supreme Court properly granted the motion of defendant Allstate Indemnity Corporation (Allstate) for summary judgment seeking a declaration that it has no duty to defend or indemnify the remaining defendants, the grandparents and mother of plaintiff's decedent (collectively, defendants), in the underlying personal injury and wrongful death action commenced against them by plaintiff.

Plaintiff's decedent sustained fatal injuries when she drowned in a swimming pool located at the residence of her grandparents, where she resided with her mother. Plaintiff, decedent's father, did not reside there. It is undisputed that plaintiff's decedent and defendants were insured under a homeowners' insurance policy issued by Allstate to defendant grandparents. Allstate disclaimed coverage for defendants under the policy pursuant to the provision excluding coverage for "**bodily injury** to an **insured person** . . . whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**."

Plaintiff thereafter commenced a wrongful death action against defendants in his capacity as administrator of his daughter's estate, and he was the sole distributee identified in the complaint. Decedent's mother defaulted in the action and, following an inquest on damages, plaintiff obtained a judgment against her in excess of $100,000 for his pecuniary loss. Plaintiff subsequently commenced this declaratory judgment action.

We agree with the court that Allstate's policy excludes from coverage any claim to recover for the injury or resultant death

of an insured person (*see Brown v Madison*, 139 Ohio App 3d 867, 870-871, 745 NE2d 1141, 1144 [2000]). We reject the contention of plaintiff that the derivative nature of his wrongful death action renders the policy exclusion inapplicable.

> "By focusing on his independent right to bring a wrongful death claim, and in ignoring the plain language of the policy, which excludes liability coverage for bodily injury to an insured, including claims resulting from . . . death, [plaintiff] has lost sight of the relevant issue at hand, [i.e.], whether there is policy coverage that would trigger [Allstate's] duty to indemnify and/or defend the insured in the wrongful death lawsuit" (*Cincinnati Indem. Co. v Martin*, 85 Ohio St 3d 604, 608, 710 NE2d 677, 680 [1999]).

There is no coverage for the simple reason that a homeowners' insurance policy is essentially designed to indemnify the policy holders against liability for injuries sustained by noninsureds (*see Brown*, 139 Ohio App 3d at 871, 745 NE2d at 1144). Here, neither decedent nor her mother would be entitled to indemnification from Allstate for the injuries and death of decedent. Additionally, indemnification by Allstate on behalf of decedent's mother would result in the receipt by the mother, an insured, of the benefits of the policy in the form of the satisfaction of the money judgment obtained against her for the death of her daughter, also an insured. That result violates the plain language of the policy and thus is untenable. We therefore conclude that the court properly applied the case law of Ohio in support of its determination that an insurer has no duty to defend or indemnify its insured in a wrongful death action brought by a noninsured based upon the death of an insured where, as here, the policy excludes coverage for claims based on the death of an insured (*see Cincinnati Indem. Co.*, 85 Ohio St 3d at 609, 710 NE2d at 680). Accordingly, we conclude that the judgment should be affirmed.

SCUDDER, P.J., CENTRA and PINE, JJ., concur.

It is hereby ordered that the judgment so appealed from is unanimously affirmed, without costs.