[950 NE2d 500, 926 NYS2d 867]

ERIC CRAGG, as Administrator of the Estate of KAYLA MARGARET ROSE CRAGG, Deceased, Appellant, v ALLSTATE INDEMNITY CORPORATION, Respondent, et al., Defendants.

Argued May 4, 2011; decided June 9, 2011

**POINTS OF COUNSEL**

*Magavern Magavern Grimm LLP*, Buffalo (*Edward J. Markarian* of counsel), and *Law Office of John J. Fromen* (*John J. Fromen, Jr.*, of counsel) for appellant. I. The language of Allstate Indemnity Corporation's policy provides coverage for plaintiff's wrongful death claim. (*Heslin v County of Greene*, 14 NY3d 67; *Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687; *George v Mt. Sinai Hosp.*, 47 NY2d 170; *Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377; *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390; *Matter of Martin*, 32 Misc 2d 555; *Matter of Terry v General Elec. Co.*, 232 NY 120; *Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304; *Cone v Nationwide Mut. Fire Ins. Co.*, 75 NY2d 747.) II. The interpretation adopted by the Appellate Division renders terms of the exclusion meaningless, and the history of the exclusion sheds light on how it should be interpreted. (*County of Columbia v Continental Ins. Co.*, 83 NY2d 618; *Roundabout Theatre Co. v Continental Cas. Co.*, 302 AD2d 1; *Continental Cas. Co. v Rapid-American Corp.*, 177 AD2d 61, 80 NY2d 640; *New England Mut. Life Ins. Co. v Doe*, 93 NY2d 122; *Allstate Ins. Co. v Pestar*, 168 AD2d 931.) III. The Appellate Division misstated the law and misconstrued plaintiff's argument, and the purpose of homeowners' insurance is achieved, not defeated, by finding coverage. (*Doyle v Pawtucket Mut. Ins. Co.*, 243 AD2d 603; *Allstate*

*Ins. Co. v Pestar*, 168 AD2d 931.) IV. *Cincinnati Indem. Co. v Martin* (85 Ohio St 3d 604, 710 NE2d 677 [1999])—cited by the Appellate Division—involved a different exclusion, and the other cases cited by the courts below are inapposite. V. The argument which Allstate Indemnity Corporation recently made in a Wisconsin court is contrary to the argument it made here, and the rationale of the Wisconsin ruling supports plaintiff in this case as he is the only person who will be paid in the wrongful death action. (*Bingham v New York City Tr. Auth.*, 99 NY2d 355.)

*Goldberg Segalla LLP*, Buffalo (*Patrick B. Omilian* and *Sharon Angelino* of counsel), for respondent. I. The great weight of authority supports a finding of no coverage for the wrongful death of Kayla Margaret Rose Cragg. (*Allstate Ins. Co. v DiGiorgi*, 9 F Supp 2d 657; *Tokley v State Farm Ins. Cos.*, 782 F Supp 1375.) II. The policy unambiguously excludes coverage for wrongful death damages resulting from bodily injury to an insured. (*Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321; *Butler v New York Cent. Mut. Fire Ins. Co.*, 274 AD2d 924; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351; *Matter of Progressive Ins. Cos. [Nemitz]*, 39 AD3d 1121; *Maurice Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986; *R & D Maidman Family L.P. v Scottsdale Ins. Co.*, 4 Misc 3d 728; *Hartford Fire Ins. Co. v Orient Overseas Containers Lines [UK] Ltd.*, 230 F3d 549; *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304; *Tobias v Liberty Mut. Fire Ins. Co.*, 78 AD3d 928.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

This appeal requires us to interpret the breadth of an exclusion in a homeowner's insurance policy excluding coverage for bodily injury to an insured where an insured would receive "any benefit" under the policy.

Plaintiff, Eric Cragg, is the father of decedent, Kayla Margaret Rose Cragg. Three-year-old Kayla and her mother, defendant Marina Ward, lived with defendant grandparents, Gregory and Katherine Klein, in the Kleins' Clarence, New York home. In July 2001, Kayla drowned accidentally in the Kleins' swimming pool. At the time, the Kleins had a homeowner's insurance policy in place that had been issued by Allstate. Under the terms of the policy, Kayla and her mother were insured persons, as residents of the household who were related to the policyholders.

Plaintiff maintained a separate residence and was not an insured under the Kleins' homeowner's insurance policy.

Allstate disclaimed coverage based on the policy exclusion at issue here. Under "Coverage X[—]Family Liability Protection," the policy states that "[w]e do not cover bodily injury to an insured person . . . whenever any benefit of this coverage would accrue directly or indirectly to an insured person." Bodily injury is defined in the policy as "physical harm to the body, including sickness or disease, and resulting death." The policy does not define the term "benefit."

Plaintiff, as the administrator of Kayla's estate, commenced an action seeking to recover against defendants for Kayla's wrongful death and for her conscious pain and suffering. Defendant Ward defaulted and judgment was entered against her in the amount of $300,000—$150,000 for wrongful death and $150,000 for pain and suffering. Plaintiff brought this declaratory judgment action against Allstate for a declaration that Allstate was required to defend and indemnify its insureds. Supreme Court granted Allstate's motion for summary judgment, declaring that Allstate had no obligation to defend or indemnify Ward or the Kleins in relation to the wrongful death or conscious pain and suffering claims.

The Appellate Division affirmed (74 AD3d 90 [4th Dept 2010]). That Court noted that the general purpose of homeowner's insurance policies is to provide coverage for injuries sustained by those who are not insured by the subject policy and found that, based on the plain language of the exclusion, Allstate did not have to indemnify Ward because she would thereby obtain a benefit under the policy. We granted plaintiff leave to appeal (15 NY3d 705 [2010]) and we now reverse.

■ At this stage of the litigation, plaintiff properly limits his argument to the wrongful death claims of the underlying action. As we recently noted, a claim for conscious pain and suffering belongs to the estate of the deceased, rather than the distributees (*see Heslin v County of Greene*, 14 NY3d 67, 76-77 [2010]; EPTL 11-3.2 [b]). By contrast, "a wrongful death action belongs to the decedent's distributees and is designed to compensate the distributees themselves for their pecuniary losses as a result of the wrongful act" (*Heslin*, 14 NY3d at 76; *see also* EPTL 5-4.3). Plaintiff's wrongful death claim therefore is based on his own loss and is not derivative of any claim on behalf of his insured daughter.

Insurance contracts must be interpreted according to common speech and consistent with the reasonable expectations of the average insured (*see Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]). To the extent that there is any ambiguity in an exclusionary clause, we construe the provision in favor of the insured. Moreover,

> " 'exclusions or exceptions from policy coverage . . . are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction. Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation' " (*Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307 [2009], quoting *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]).

Allstate has not met that burden here.

■ The language of the policy exclusion—excluding coverage "whenever any benefit of this coverage would accrue directly or indirectly to an insured"—is ambiguous. It could be interpreted, as Allstate urges, to mean that bodily injury to an insured is not covered whenever any benefit—including coverage itself in the form of defense and indemnification—would accrue to an insured. However, as plaintiff points out, this interpretation ascribes meaning only to the first clause of the exclusion—"[w]e do not cover bodily injury to an insured person." Since the right to defense and indemnification universally accrues to an insured, under Allstate's interpretation the condition of the second clause of the exclusion would always be met. However, the second part of the exclusion must somehow modify the first part of the clause in order to have any meaning. In this context, a benefit must mean something other than coverage itself and is more naturally read to mean proceeds paid under the policy. In light of our obligation to interpret the exclusion in a manner that gives full force and effect to the policy language and does not render a portion of the provision meaningless (*see County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [1994]), we find plaintiff's interpretation of the clause to be more in keeping with these well-settled principles of contract interpretation.

The current version of the exclusion at issue was brought about in response to the decision in *Allstate Ins. Co. v Pestar*

(168 AD2d 931 [4th Dept 1990]). The prior version of the exclusion had excluded coverage for bodily injury to an insured. In *Pestar*, a child was injured when she dove into a State-owned lake. Her parents filed a negligence action against the State and the State counterclaimed seeking contribution. Despite the policy exclusion, the Appellate Division determined that Allstate had a duty to defend and indemnify the parents on the State's counterclaim, finding that "the liability at issue . . . is not the parents' liability to [the insured child] but rather the parents' potential liability to the State on a claim of equitable apportionment" (*Pestar*, 168 AD2d at 931-932). The insurer subsequently added language to the exclusion stating that bodily injury to an insured is not covered "whenever any benefit of this coverage would accrue directly or indirectly to an insured person" (*see* 9A Couch on Insurance 3d § 128:4).

Assuming the insurer intended this language to exclude coverage under the policy entirely for bodily injury to insureds, it did not accomplish the desired result. Instead of making the exclusion broader, the additional language can be read as limiting the application of the exclusion to situations where an insured would receive a benefit (i.e. payment) under the policy. The amendment, then, can be seen as the insurer's attempt to cut off indirect claims, such as claims for contribution. As relevant to this appeal, however, the exclusion fails to bar unambiguously payment to a noninsured plaintiff, that is to say it does not clearly cut off the nonresident distributee's wrongful death claims arising from the fatal injury to an insured.

Other jurisdictions have observed that there are valid policy reasons for excluding coverage in cases such as this one. They have noted that homeowner's insurance is generally meant to cover bodily injury to noninsureds (*see Cincinnati Indem. Co. v Martin*, 85 Ohio St 3d 604, 608, 710 NE2d 677, 680 [1999]) and that coverage is excluded in these types of situations in order to avoid imposing liability on the insurer in a case where the insured, due to a close relationship with the injured party, might be unmotivated to assist the insurer in defending against the claim (*see Whirlpool Corp. v Ziebert*, 197 Wis 2d 144, 149, 539 NW2d 883, 885 [1995]).* However, faced with a very similar case addressing the identical exclusion, the Wisconsin Supreme Court recently held that "Allstate has failed to meet its burden

---

\* We note that the record does not provide any indication that there was collusion between these parties.

to demonstrate that the policy term 'benefit' unambiguously includes the contractual right to receive a defense or the contractual right to indemnification" (*Day v Allstate Indem. Co.*, 332 Wis 2d 571, 596-597, 798 NW2d 199, 212, 2011 WI 24, ¶ 57 [2011]). We agree with this analysis.

We therefore find that judgment should have been granted in plaintiff's favor, as the exclusion did not operate to bar coverage for the noninsured plaintiff's wrongful death claim for the death of the insured decedent.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.