OPINION OF THE COURT
Phillip R. Rumsey, J.
Plaintiff is the administrator of the estate of Randall Courtney. He commenced this action seeking a declaratory judgment that defendant is required to defend and indemnify him in an action that arises from an accident that claimed the lives of Randall Courtney and his wife, Margaret Courtney. The Courtneys died on September 18, 2011, when a farm tractor that they owned and were riding together — with Randall operating— flipped over in a wooded area on their property. On the date of the accident, the Courtneys had in place a homeowner’s insurance policy issued by defendant (the policy), on which both of them were named insureds.[1] The administrators of the estate of Margaret Courtney commenced a wrongful death action against plaintiff (Sup Ct, Broome County, index No. 2012-2277 [herein the underlying action]). Plaintiff tendered defense of the underlying action to defendant, which denied coverage. Plaintiff thereafter commenced this action and now moves for summary judgment. Defendant cross-moves for summary judgment.
Defendant disclaimed coverage on the basis that the policy specifically excludes coverage for liability arising from bodily injuries sustained by Margaret Courtney, as a named insured {see Stevens off, exhibit G). Citing Cragg v Allstate Indem. Corp. (17 NY3d 118 [2011]), plaintiff contends that the exclusion for bodily injuries sustained by a named insured does not apply to wrongful death claims because they are brought on behalf of a deceased insured’s distributees, and not directly on behalf of an insured or his or her estate.[2] Stated differently, plaintiffs argument is that the exclusion applies only to injuries directly suf *723 fered by an insured, and that it does not preclude coverage for a wrongful death claim, which he asserts constitutes an independent injury directly sustained by a decedent’s distributees. Plaintiff’s argument is unavailing.
Whether wrongful death claims are barred by a policy exclusion for liability for bodily injuries sustained by an insured appears to be an issue of first impression in New York. As correctly noted by defendant, the policy exclusion at issue in Cragg was different than the one at issue in this case. In Cragg, the policy stated that no coverage was provided for “bodily injury to an insured person . . . whenever any benefit of this coverage would accrue directly or indirectly to an insured person” (Cragg, 17 NY3d at 121). The Court of Appeals noted that a wrongful death action belongs to the distributees, and that it is designed to compensate them for any pecuniary losses which they may suffer as a result of the wrongful act; therefore, any proceeds from a wrongful death action would accrue directly to the benefit of the distributees, and not to the benefit of the insured. The Court then concluded that the exclusion at issue in Cragg— precluding coverage where any benefit would accrue directly or indirectly to an insured person — did not unambiguously bar payment to a noninsured party, including a party asserting a wrongful death claim.
By contrast, the policy at issue in this case excludes coverage for liability “for bodily injury to you and, if residents of your household, your relatives, and any other person under the age of 21 in your care or in the care of your resident relatives” (policy, Liability Coverage Section 11 2 [a] at L-3). Bodily injury is, in turn, defined to include “bodily harm, sickness or disease to a person including required care, loss of services and death resulting therefrom” (policy, General Policy Provisions II 2 at 1). Nearly identical language was considered by the highest court of Ohio in Cincinnati Indem. Co. v Martin (85 Ohio St 3d 604, 710 NE2d 677 [1999]). While it is not binding precedent in this case, the court finds it persuasive and, further, notes that it was cited approvingly by the Court of Appeals in Cragg (17 NY3d at 123). In Cincinnati Indem. Co., the court concluded that the policy excluded coverage for a wrongful death claim because it stemmed solely from the bodily injury of an insured, which was defined to include death, stating that
“[t]hus, we hold that an insurer has no duty to defend or indemnify its insured in a wrongful death lawsuit brought by a noninsured based on the death *724 of an insured where the policy excludes liability coverage for claims based on bodily injury to an insured. Since appellant’s wrongful death claim stems solely from an insured’s ‘bodily injury,’ we hold that appellant’s wrongful death claim is excluded from coverage and that [the insurer] has no duty to defend or indemnify its insured.” (85 Ohio St 3d at 609, 710 NE2d at 680-681; see also Allstate Ins. Co. v Chia-I Lung, 131 Misc 2d 586, 587 [1986] [the court observed that the parties agreed that if the decedent were declared to be an “insured person” under the policy, a wrongful death claim would be barred by an exclusion for damages arising from bodily injury to an insured].)
In support of its motion, defendant also argues that coverage is excluded by Insurance Law § 3420 (g), which provides that no liability insurance policy shall be deemed to insure against liability of an insured for injuries to, or the death of, his or her spouse, unless the policy expressly provides otherwise. The policy does not extend coverage to liability for injury to, or the death of, the spouse of an insured. Like the policy exclusion at issue in this case, the statutory exclusion contained in Insurance Law § 3420 (g) precludes coverage for liability for injuries or death. Inasmuch as it is well settled that this statutory language excludes coverage for wrongful death claims, Insurance Law § 3420 (g) provides an independent basis for concluding that defendant has no duty to defend or indemnify plaintiff in the underlying action (see Allstate Ins. Co. v Roberts, 299 AD2d 820 [2002]; Government Empls. Ins. Co. v Pagano, 251 AD2d 452 [1998]).[3]
Based on the foregoing, plaintiffs motion is denied, defendant’s cross motion is granted, and it is adjudged that defendant has no duty to defend or indemnify plaintiff in the underlying action.

. Copies of the policy, numbered H12-17-541, are attached as exhibit D to the affidavit of John Alden Stevens, Esq., sworn to July 23, 2013, and as part of exhibit C to the affirmation of Joseph A. Wilson, Esq., dated Aug. 8, 2013.

. The complaint in the underlying action does not assert a cause of action for conscious pain and suffering of Margaret Courtney, for which plaintiff concedes, in any event, that the policy affords no coverage.

. These cases also substantiate the court’s conclusion that language excluding liability for injuries or death excludes coverage for wrongful death claims.