# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1292**
**CA 15-00184**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

ENGASSER CONSTRUCTION CORPORATION,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

DRYDEN MUTUAL INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

BARCLAY DAMON, LLP, ROCHESTER (ANTHONY J. PIAZZA OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROWN & KELLY, LLP, BUFFALO (ANDREW D. MERRICK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered September 22, 2014. The judgment granted the motion of plaintiff for summary judgment, denied the cross motion of defendant for summary judgment and declared that defendant owes a defense and indemnification to plaintiff in the underlying action.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff hired a contractor to install ice blocks on the roof of its commercial building, and an employee of the contractor fell from the roof while installing the ice blocks. The employee and his spouse commenced an action against plaintiff, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). At the time of the accident, the contractor was insured under a general liability policy issued by defendant, and an endorsement to that policy named plaintiff as an additional insured. The additional insured endorsement states that the insured provision of the general liability coverage "is amended to include as an *insured* the [plaintiff] BUT only with respect to . . . its liability for activities of the *named insured* or activities performed by [the plaintiff] on behalf of the *named insured*." Pursuant to that endorsement, plaintiff sought a defense and indemnification in the underlying action, and defendant disclaimed coverage. Plaintiff thereafter commenced the instant action seeking a declaration that defendant had an obligation to defend and indemnify it in the underlying action, and in its answer, defendant sought, inter alia, a declaration that it had no such obligation.

Supreme Court properly granted plaintiff's motion for summary judgment, denied defendant's cross motion for summary judgment, and granted judgment declaring, inter alia, that defendant owes a defense and indemnification to plaintiff in the underlying action. "Insurance contracts must be interpreted according to common speech and consistent with the reasonable expectations of the average insured" (*Cragg v Allstate Indem. Corp.*, 17 NY3d 118, 122). Plaintiff reasonably expected coverage under the endorsement, inasmuch as it was subject to liability for the activities of the named insured, i.e., the injured worker's employer, under the Labor Law (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374-375; *Chapel v Mitchell*, 84 NY2d 345, 347-348). Thus, pursuant to the additional insured endorsement, plaintiff was entitled to coverage "with respect to . . . its liability for activities of the *named insured*," and the court properly declared that plaintiff is entitled to a defense and indemnification under the policy (*see Burlington Ins. Co. v NYC Tr. Auth.*, 132 AD3d 127, 138).

Entered:  December 23, 2015                    Frances E. Cafarell
                                                   Clerk of the Court