JRD Unico, Inc. v Starr Indem. & Liab. Co. (2022 NY Slip Op 03685)

JRD Unico, Inc. v Starr Indem. & Liab. Co.

2022 NY Slip Op 03685

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Renwick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 655279/19 Appeal No. 16086 Case No. 2021-03921 

[*1]JRD Unico, Inc., et al., Plaintiffs-Appellants,
v
Starr Indemnity & Liability Company, Defendant-Respondent.

Rossman Law Firm, LLC, Brooklyn (Todd A. Rossman of counsel), for appellants.
Ford Marrin Esposito Witmeyer & Gleser, L.L.P., New York (Alfred L. D'Isernia of counsel), for respondent.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered on or about October 20, 2021, which denied plaintiffs' motion for summary judgment and granted defendant Starr Indemnity & Liability Company's cross motion for summary judgment declaring that the first-layer excess policy issued by Starr to plaintiff JRD Unico, Inc. contains a general policy aggregate limit of $5 million, unanimously affirmed, with costs.
Supreme Court correctly denied plaintiffs' motion and granted Starr's cross motion, as the only reasonable way to construe the policy language of the Starr policy is that it contains a $5 million per location limit and a $5 million overall aggregate limit of liability (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221 [2002]; Matza v Empire State Mut. Life Ins. Co., 50 AD2d 554, 555 [1st Dept 1975]). Reading the Starr policy as plaintiffs contend it should be read — that the $5 million aggregate applied on a per-location basis — would produce a windfall of approximately half a billion dollars, which would not be a reasonable construction (see Cragg v Allstate Indem. Corp., 17 NY3d 118, 122 [2011]; Matza, 50 AD2d at 555).
Even assuming the policy is ambiguous, Starr's extrinsic evidence — namely, the Acord applications — established that the overall aggregate of the Starr policy did not apply on a per-location basis, but rather, was capped at $5 million (see Curiale v DR Ins. Co., 198 AD2d 52, 52-53 [1st Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022