GreenGate Fresh LLP v Houston Cas. Co. (2023 NY Slip Op 02846)

GreenGate Fresh LLP v Houston Cas. Co.

2023 NY Slip Op 02846

Decided on May 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 652256/20 Appeal No. 343-344 Case No. 2022-05484, 2022-05547 

[*1]GreenGate Fresh LLP, Plaintiff-Respondent,
v
Houston Casualty Company, Defendant-Appellant. 

Tressler LLP, New York (Courtney E. Scott of counsel) and Tucker Ellis, LLP, Cleveland, OH (Benjamin C. Sasse, of the bar of the State of Ohio, admitted pro hac vice, of counsel), for appellant.
Hoguet Newman Regal & Kenney, LLP, New York (Bradley J. Nash of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrea Masley, J.), entered December 8, 2022, awarding plaintiff damages, and bringing up for review an order, same court and Justice, entered on or about November 3, 2022, which denied defendant's motion for summary judgment seeking a declaration that it has no obligation to indemnify plaintiff and granted plaintiff's motion for summary judgment on its first and third causes of action seeking declarations that defendant is obligated to pay plaintiff's losses sustained in connection with E. Coli outbreaks in April 2018 and November 2018, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Given the plain language of the policy (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]), and the reasonable expectations of plaintiff, the insured (Cragg v Allstate Indem. Corp., 17 NY3d 118, 122 [2011]), the court correctly determined that losses suffered by plaintiff in connection with the April 2018 and November 2018 E. Coli outbreaks fell within the scope of coverage under the policy's government determination endorsement. Contrary to defendant's contention, nothing in the plain language of the endorsement required that governmental authorities specifically identify plaintiff's product as the contaminated product in order for coverage to be triggered (see Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 473 [2005]). The determinations of the CDC and FDA implicated plaintiff's product during the April 2018 outbreak by identifying the growing region where plaintiff sourced its romaine lettuce, and during the November 2018 outbreak by calling for the withdrawal and destruction of all romaine lettuce. Furthermore, under the circumstances, the governmental authorities could have reasonably found that there was a "reasonable probability" that consumption of plaintiff's lettuce would result in bodily injury. Indeed, defendant's own expert testified that it was prudent for plaintiff to withdraw its product from distribution during the outbreaks.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 30, 2023