Lewczyk v Safeco Ins. Co. of Am. (2023 NY Slip Op 04867)

Lewczyk v Safeco Ins. Co. of Am.

2023 NY Slip Op 04867

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

652 CA 22-01358

[*1]SHERYL L. LEWCZYK, PLAINTIFF-RESPONDENT,
v
SAFECO INSURANCE COMPANY OF AMERICA, DOING BUSINESS AS SAFECO INSURANCE, SAFECO INSURANCE COMPANY OF INDIANA, DEFENDANTS-APPELLANTS, AND CITY OF BUFFALO, DEFENDANT-RESPONDENT. 

HURWITZ FINE P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ROBERT J. MARANTO, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
CAVETTE A. CHAMBERS, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Craig D. Hannah, J.), entered August 26, 2022. The judgment, inter alia, denied the motion of defendant Safeco Insurance Company of America, doing business as Safeco Insurance, for summary judgment and granted the cross-motions of plaintiff and defendant City of Buffalo for summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the cross-motions are denied, the motion is granted insofar as declaratory relief was sought, and judgment is granted in favor of defendant Safeco Insurance Company of America, doing business as Safeco Insurance, as follows:
It is ADJUDGED and DECLARED that plaintiff and defendant
City of Buffalo can recover their claims only within the applicable policy's single limit of bodily injury liability of $100,000.
Memorandum: Plaintiff was on duty as a police officer for defendant City of Buffalo (City) when she sustained injuries in a two-vehicle accident. Plaintiff commenced an action against the driver and the owner of the other motor vehicle (tortfeasors), which was insured under a policy issued to the owner by defendant Safeco Insurance Company of America, doing business as Safeco Insurance (Safeco). For bodily injury liability, the policy provided coverage of $100,000 for each person and $300,000 for each occurrence. A passenger in plaintiff's vehicle also commenced an action against the tortfeasors, and the tortfeasors commenced a third-party action against, inter alia, plaintiff and the City for contribution and indemnification. The City answered and asserted, inter alia, a counterclaim against the tortfeasors, pursuant to General Municipal Law § 207-c (6), for reimbursement of sums it had paid to plaintiff for lost wages and for medical treatment and hospital care.
Safeco notified plaintiff and the City that their claims must be settled from the single per person policy limit of $100,000. Plaintiff, the City, and Safeco (the parties) entered into a settlement agreement and release pursuant to which plaintiff and the City released the tortfeasors and Safeco from liability in exchange for certain payments from Safeco to plaintiff and the City that aggregated to $100,000. The parties stipulated, however, that plaintiff would commence a declaratory judgment action to determine whether the $100,000 per person limit of liability for bodily injury applied separately to her claim and that of the City. The parties agreed that, if it [*2]was determined that the policy limit applied separately to the claims, additional settlement monies would be paid.
Plaintiff thus commenced this declaratory judgment action to determine the application of the policy limit of liability to her claim and the City's claim. Safeco moved for summary judgment seeking, inter alia, a declaration that plaintiff and the City can recover their claims only within Safeco's single limit of bodily injury liability of $100,000, and plaintiff and the City separately cross-moved for, inter alia, summary judgment seeking a declaration that the liability limits in the Safeco policy apply separately to plaintiff's bodily injury claim and to the City's statutory claim for reimbursement of benefits paid to or on behalf of plaintiff. Supreme Court denied the motion and granted the cross-motions. The court declared that the City's "statutory claims for reimbursement of benefits paid to or on behalf of [plaintiff] give rise to a separate and distinct claim from [plaintiff's] bodily injury claims under the liability limits contained in [Safeco's] insurance policy and trigger a second, distinct application of the 'per person' policy limits under the Safeco policy." Safeco appeals and we reverse.
It is well settled that " '[a]s with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court' " (Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 681-682 [2017]; see Sanabria v American Home Assur. Co., 68 NY2d 866, 868 [1986], rearg denied 69 NY2d 707 [1986]). "Insurance contracts must be interpreted according to common speech and consistent with the reasonable expectations of the average insured" (Cragg v Allstate Indem. Corp., 17 NY3d 118, 122 [2011]).
We agree with Safeco that the policy is not ambiguous and that there is a $100,000 policy limit for "each person" sustaining bodily injury. The policy provides that the limit of bodily injury liability for "each person" is the "maximum limit of liability for all damages, including damages for care, loss of services or death, resulting from any one auto accident" for bodily injury not resulting in death of "any one person" (emphasis added). The City here asserted a claim against the tortfeasors pursuant to General Municipal Law § 207-c (6), which creates a cause of action for municipalities for reimbursement of "such sum or sums actually paid as salary or wages and or for medical treatment and hospital care as against any third party against whom the police officer shall have a cause of action for the injury sustained or sickness caused by such third party." The municipality's right to recover "is derived from its insured employee's cause of action in negligence against the person causing such injury," and the "right to bring the direct action is bottomed on the employee's cause of action in negligence" (City of Buffalo v Maggio, 21 NY2d 1017, 1018 [1968]). We conclude that the City's statutory claim and plaintiff's claim both result from the injuries sustained by plaintiff and are both included in the same $100,000 per person limit of liability in the policy (see generally Moore v Ewing, 9 AD3d 484, 489 [2d Dept 2004]).
Contrary to plaintiff's and the City's contentions, our decision in City of Syracuse v Williams (45 AD3d 1491 [4th Dept 2007]) does not compel a different result. In that case, we concluded that a police officer's release of the defendants from liability arising out of a motor vehicle accident did not preclude the City of Syracuse from proceeding against the defendants pursuant to General Municipal Law § 207-c (6) (id. at 1491). As we explained, section 207-c (6) granted the City of Syracuse the right to commence an action in its own name and not as a subrogee of the injured officer (see id. at 1492). Here, however, there is no dispute that the City has the right to bring an action in its own name.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court